■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. SHORTRIDGE, JR., Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted, in accordance with the following memorandum: Defendant appeals from a conviction of manslaughter in the first degree after a jury trial on an indictment containing two counts of murder in the second degree.

On September 13, 1981 the badly decomposed remains of Scott Russell were found in a sparsely populated area near the City of Rome. Two days later an Oneida County Sheriff's officer investigating the death received a telephone call from defendant who indicated that he would like to talk to him. Defendant was brought to the law enforcement building where, after being advised of his *Miranda* rights, he orally admitted being with the victim on August 7, 1981 and that he had hit and kicked him "maybe 10, 12, 20 times * * * until he was unconscious." He also admitted returning to the scene several days later in an attempt to make it appear as if the victim had fallen off a motorcycle. On this occasion he stabbed the victim's body through the back with a stick and discarded a wallet taken from the victim alongside a

road. He admitted returning to the scene again approximately a week later at which time he attempted to hide the body under garbage, sticks and pine needles. While he was dragging the body, the skull came off. He dug a hole and buried it. Police findings at the scene were consistent with defendant's admissions.

At trial the court precluded defendant's attorney from introducing several letters written by defendant's father shortly before he committed suicide in which the father claimed that he, rather than his son, was responsible for the killing. In these letters, the father related that he had killed the victim with a knife in his trailer. He stated that he did not want his son to go to prison for something he had done, and that he had no desire to spend the rest of his life in prison and "I will take care of myself in the only way I know how." The court excluded as hearsay these letters and testimony concerning alleged conversations defendant's father had with other individuals as hearsay. The court held that the letters and oral statements did not satisfy the exception for declarations against penal interest because "there were no supporting circumstances independent of the statements itself [sic] presented" to attest to the trustworthiness and reliability of the statements. We reverse.

"To qualify for admission into evidence as a declaration against the maker's penal interest the following elements must be present: first, the declarant must be unavailable as a witness at trial; second, when the statement was made the declarant must be aware that it was adverse to his penal interest; third, the declarant must have competent knowledge of the facts underlying the statement; and, fourth, and most important, supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability" (*People v Settles*, 46 NY2d 154, 167). Clearly, the declarant was unavailable to testify. It is further apparent from a reading of the suppressed letters that the declarant was aware that the statements therein were against his penal interest and that he had knowledge of the facts underlying the statement. The final element of the *Settles* formula, whether there are supporting circumstances independent of the statement itself to attest to its trustworthiness and reliability, is met by the father's admission that he stabbed the victim with a knife, a version which is not only consistent with the medical evidence but inconsistent with defendant's statement. Under the circumstances, it was improper to exclude such evidence from the jury's consideration. (Appeal from judgment of Oneida County Court, Darrigrand, J. — manslaughter, first degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.